936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edsel Eugene HALE, Jr., Defendant-Appellant.
 No. 90-2725.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.
Decided June 21, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 A jury found Edsel Hale guilty of possessing marijuana while confined as a prisoner, in violation of 18 U.S.C. Sec. 1791(a)(2). Hale appeals, challenging the district court's denial of his motion to suppress. We affirm.
 
 
 2
 While incarcerated at the United States Penitentiary in Terre Haute, Indiana, Hale received a visit from his brother. The visit, which took place in the prison visiting room, was monitored and recorded on video tape via closed circuit television. Four times during the visit, Hale's brother removed an object from his sock and passed it to Hale, who swallowed it. After the visit, Hale was detained and strip searched. A prison official informed him of his right to remain silent, but told him that a negative inference could be drawn from his silence in administrative proceedings. Informed of the videotape and the suspicion that he had ingested balloons containing contraband, Hale was told that voluntary relinquishment of the balloons would be noted in the officer's report. The alternative was to be put in a dry cell[1] until the balloons were recovered. Hale tried to bring up the balloons and failed; he eventually took an emetic in the prison hospital and regurgitated four balloons containing marijuana.
 
 
 3
 The date before the trial was to begin, Hale moved to suppress the four balloons. He argued that because the examination of the contents of his stomach constituted a search, it should have been preceded by a warrant or his consent. His contention is that the search was conducted without his voluntary consent in violation of his rights under the fourth and fifth amendments and in violation of the prison rules.
 
 
 4
 Hale also argued that because he was questioned without having been informed of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), the subsequent consent to search his stomach was involuntary, especially in light of the fact that he was told that his silence could be used against him. This admonition was in accordance with the prison regulation under which "[t]he investigator shall advise the inmate ... that [his] silence may be used to draw an adverse inference against [him] at any stage of the institutional disciplinary process." 28 C.F.R. Sec. 541.14(b)(2). Hale argues that 28 C.F.R. Sec. 541.14(b)(1), which requires the prison staff to suspend questioning until the FBI interviews that been completed when an incident might be the subject of a criminal prosecution, foreclosed the application of Sec. 541.14(b)(2). Hale's final argument was that his consent was coerced because he was not advised that he had a right not to consent, was surrounded by prison officials and handcuffed, and was threatened with placement in the dry cell.
 
 
 5
 The district court found that Hale had knowingly and voluntarily consented to the search, but that even if he had not, the evidence was admissible under the inevitable discovery rule. Moreover, the district court found that noncompliance with the prison regulations does not entitle a prisoner to suppression of the evidence.
 
 
 6
 Whether the consent to a search was voluntarily is a question of fact, and we may reverse the district court's finding only if it was clearly erroneous. United States v. Jackson, 901 F.2d 83, 84 (7th Cir.1990). Whether consent is voluntary depends on the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 249 (1973). It was not necessary to inform Hale that he had the right to refuse consent. Id. at 222-23. Hale was not "a newcomer to the law, mentally deficient, or unable in the face of a custodial arrest to exercise a free choice." United States v. Watson, 423 U.S. 411, 424-25 (1976). Moreover, telling Hale that he would have to go into the dry cell was not a threat; it made him aware of his alternatives, rendering his consent better informed. Thinking to himself that "the jig was up" whether or not he consented to the search did not make his consent involuntary.[2] Jackson, 901 F.2d at 84.
 
 
 7
 Although Hale was not given Miranda warnings, no statement that he made during the questioning was presented at trial, and a consent to a search is not an incriminating statement governed by the fifth amendment. United States v. Glenna, 878 F.2d 967, 971 (7th Cir.1989). We may assume that the prison officials did not comply with 28 C.F.R. Sec. 541.14(b); still, noncompliance with this regulation does not provide a basis for the exclusion of evidence. United States v. Feekes, 879 F.2d 1562, 1566 (7th Cir.1989).
 
 AFFIRMED
 
 
 [1]
 A dry cell is a unit that has a commode with no running water so that bodily wastes can be captured for inspection. Prison employees observe the prisoner in the dry cell until the contraband is recovered
 
 
 [2]
 Indeed, the jig was up because the prison closed circuit camera had captured the transaction between Hale and his brother. As the district court alternatively held, the evidence would have been discovered inevitably and thus admissible at Hale's trial. Nix v. Williams, 467 U.S. 431, 444 (1984)